[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15153
Non-Argument Calendar

_____

Agency No. A079-308-671

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

XIU JUAN LIN,
MU CAI LIN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 4, 2011)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Xiu Juan Lin, along with her husband Mu Cai Lin as a rider,[1] both natives and citizens of China, petition for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order denying their applications for asylum.[2] On appeal, Lin argues that the BIA did not properly weigh the record evidence, which she contends established that she has a well-founded fear of future persecution in that she will be forcibly sterilized or receive an onerous fine for giving birth to a second child while in the United States, in violation of China's coercive family planning policy.

Our scope of review is limited to the BIA's decision, except to the extent it expressly adopts the IJ's opinion. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Because the BIA issued its own decision without adopting or explicitly agreeing with any portion of the IJ's decision, we review only the BIA's decision. *See id.*

We review the BIA's findings of fact under the "highly deferential" substantial evidence test, viewing the evidence in the light most favorable to the

---

[1] Our references to Lin in this opinion also include her husband.

[2] Although Lin cites to the burden of proof applicable for withholding of removal, she offers no argument in support of this claim. Likewise, Lin offers no argument regarding her claim for relief under the Convention Against Torture. Thus, we do not address these claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (reiterating that issues not raised in the initial brief, and those given only a passing reference, are deemed abandoned).

agency's decision and drawing all reasonable inferences in favor thereof. *Id.* at 1350–51. To reverse the BIA's decision, we must find that the record compels reversal: "'[t]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.'" *Id.* at 1351 (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)).

Lin applied for asylum based solely on a well-founded fear of future persecution. "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (citations and internal quotation marks omitted). The INA expressly recognizes forced sterilization as persecution on account of a protected ground, namely, political opinion. 8 U.S.C. § 1101(a)(42)(B). The BIA has adopted a case-by-case analytical framework to evaluate whether an alien has demonstrated an objectively reasonable fear of future persecution based on the threat of forced sterilization, requiring the alien to (1) establish the details of the family planning policy; (2) show that she violated the policy; and (3) demonstrate that the violation "would be punished in the local area in a way that would give rise to an objective

3

fear of future persecution." *See, e.g.*, *In re J-H-S-*, 24 I. & N. Dec. 196, 198–99 (BIA 2007).

The BIA has held that a fine may amount to persecution if it causes a "severe economic disadvantage," considering the alien's net worth, other sources of income, and the conditions of the local economy. *See In re T-Z-*, 24 I. & N. Dec. 163, 173–74 (BIA 2007). To meet the severe economic disadvantage standard, the fine should reduce the alien "to an impoverished existence." *Id.* at 174.

Substantial evidence supports the BIA's conclusion that Lin is ineligible for asylum. The record reveals that, although there were reports of forced sterilizations from Fujian Province, China's family planning policy is primarily dependent upon economic incentives and penalties. Lin's individual, particularized evidence does not alter this conclusion. The BIA's decision indicates that it thoroughly analyzed Lin's particularized evidence together with her other documentary evidence. Lin's documentary evidence was cumulative of and previously examined by the BIA in its prior published decisions, and Lin has not provided a basis for distinguishing these decisions; therefore, the BIA's reliance on its previous rejections of this evidence was not error.

Lin has also failed to demonstrate that any future fine for her alleged violation of the family planning policy would rise to the level of persecution because the record is devoid of evidence of her financial situation or conditions of the local economy.

Since the record does not compel reversal of the BIA's decision, we are constrained to deny Lin's petition for review.

**PETITION DENIED.**